IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA MARTIN, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4005 |
| | § | |
| NATIONWIDE PROPERTY & | § | |
| CASUALTY INSURANCE CO., | § | |
|       Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 6] filed by Plaintiff Norma Martin.  Plaintiff asserts that the Court lacks subject matter jurisdiction based on diversity of citizenship because the amount in controversy requirement is not satisfied.

Federal jurisdiction is limited.  The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction.  *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001)  The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000 required by 28 U.S.C. § 1332.  Although Plaintiff does not allege in her state court petition that she is suing for at least $75,000, Plaintiff's complaint is not dispositive because there is no state law limiting Plaintiff's damages to the amount in the pleading.  *See DeAguilar v. Boeing*, 47 F.3d 1404, 1412-13 (5th Cir. 1995).  If the Defendant can show that the amount in controversy exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain she will not be able to recover more than the amount prayed for in the state court Petition.  *Id.* at 1410.  Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits her recovery.  *Manguno*, 276 F.3d at 724.

Defendant has shown that the amount in controversy in this insurance coverage dispute can exceed $75,000 based on the amount of coverage available.  As a result, Plaintiff must show that she is legally precluded from recovering $75,000 or more.  Plaintiff has not identified any statute that limits her recovery to less than the jurisdictional amount of this court.

Additionally, Plaintiff has not filed a binding stipulation limiting the scope of her recovery to less than $75,000.  Instead, Plaintiff's attorney has submitted an affidavit that is not signed by Plaintiff.  Plaintiff, however, should be given the

opportunity to prove to a legal certainty that her recovery will fall below $75,000 by filing a binding stipulation limiting her recovery.  Accordingly, it is hereby

      **ORDERED** that Plaintiff may file by **January 25, 2010,** a binding stipulation that her total recovery in this case, including attorney's fees, cannot exceed $75,000. <u>If Plaintiff fails to file the stipulation by January 25, 2010, the Court will issue an order denying the Motion to Remand.</u>  If Plaintiff files the stipulation by January 25, 2010, Defendant may file by **February 3, 2010,** any objections to the adequacy of the binding stipulation.  If there are no objections, the Court will grant the Motion to Remand.

      SIGNED at Houston, Texas, this 7<u>th</u> day of **January, 2010**.

Nancy F. Atlas
United States District Judge